UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 11-62730-fra7 |
| BRIAN MICHAEL LYNCH, ) | |
| ) | |
| Debtor. ) | |
| ) | Adversary Proceeding |
| LEGACY FINANCIAL SVCS., INC. ) | No. 11-6224-fra |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| BRIAN MICHAEL LYNCH, ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | |

Plaintiff filed a complaint in this court seeking a money judgment for defamation in the amount of $35,000 in special damages and $450,000 in general damages and a judgment declaring the money judgment nondischargeable under 11 U.S.C. § 523(a)(6). Defendant filed an answer alleging that the complaint is frivolous and retaliatory and that Defendant was required by law to send the alleged defamatory statements to the recipients. Plaintiff thereafter filed a motion for summary judgment on the issues of liability and dischargeability. For the reasons that follow, Plaintiff's motion will be denied.

<u>Summary Judgment</u>

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is

MEMORANDUM OPINION - Page 1

entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

## Discussion

Plaintiff submitted with its Concise Statement of Material Facts a complaint filed in Lane County Circuit Court which essentially mirrors the complaint filed in bankruptcy court. Defendant failed to file an answer in the Circuit Court litigation and Plaintiff moved for and obtained an Order of Default. A copy of that Order of Default was also made part of the Plaintiff's motion for summary judgment. Based on the Circuit Court complaint and the Order of Default, Plaintiff asks this court to find that Defendant has admitted the truth of the factual allegations made in the Circuit Court complaint by virtue of the entry of the default order, and that those factual allegations are sufficient to establish both liability and nondischargeability of the resulting debt under 11 U.S.C. § 523(a)(6).

A debt is not discharged in a Chapter 7 bankruptcy to the extent it arises from a willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6). Plaintiff takes the position that the state court case necessarily determined that the debt at issue here arose from a "willful and malicious injury," and that Defendant is precluded from relitigating the issue here. It is well established in this circuit that the preclusive effect of a state court judgment must be given the same effect by federal courts as by the courts of the rendering state. Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995).

In Oregon, principles of collateral estoppel apply to default judgments. Gwynn v. Wilhelm, 226 Or. 606, 360 P.2d 312 (1961). Default judgments have the same "solemn character as judgments entered after trial." Watson v. State, 71 Or. App. 734, 738, 694 P.2d 560, 562 (1985) rev. withdrawn 299 Or. 204, 701

MEMORANDUM OPINION - Page 2

P.2d 432 (1985). A default judgment establishes the truth of all material factual allegations of the complaint. <u>Rajneesh Foundation International v. McGreer</u>, 303 Or. 139, 734 P.2d 871 (1987); <u>Fitch v. Singleton, (In re Singleton)</u>, Case #96-6003-fra (Bankr. D. Or. Oct.4, 1996)(unpublished)(Alley,J.).

Collateral estoppel/issue preclusion is applied in bankruptcy court to a default <u>judgment</u> obtained in state court against a defendant. A default <u>order</u> may be deemed, for purposes of obtaining a default judgment in state court, an admission of the factual allegations made in the state-court complaint. It does not, however, have the "same solemn character as judgments entered after trial," and is not binding in any way on the bankruptcy court.

## Conclusion

Plaintiff has not met its burden of establishing that there is no issue of material fact and that it is entitled to judgment as a matter of law. An order will therefore be entered by the court denying Plaintiff's motion for summary judgment.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION - Page 3